## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE SHAWNEE TRIBE, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE TREASURY, et al. <br><br> *Defendants*. | Case No. 1:20-cv-01999-APM |
| THE MICCOSUKEE TRIBE OF INDIANS OF FLORIDA, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE TREASURY and UNITED STATES OF AMERICA, <br><br> *Defendants*. | Case No. 1:20-cv-02792-APM |
| PRAIRIE BAND POTAWATOMI NATION, <br><br> *Plaintiff*, <br><br> v. <br><br> STEVEN T. MNUCHIN, in his official capacity as SECRETARY, U.S. DEPARTMENT OF TREASURY <br><br> *Defendant*. | Case No. 1:21-cv-012-APM |

### MICCOSUKEE TRIBE'S AND PRAIRIE BAND'S JOINT RESPONSE
### TO DEFENDANTS' NOTICE IN RESPONSE TO JANUARY 21, 2021 MINUTE ORDER

On January 28, 2021, this Court issued a minute order requesting that Plaintiffs the Miccosukee Tribe and Prairie Band respond to Defendants' notice relating to "their position on the pending motions for preliminary injunction in *Miccosukee Tribe of Indians of Florida v. U.S. Department of Treasury*, 20-cv-2792, and *Prairie Band Potawatomi Nation v. Mnuchin*, 21-cv-12." In that notice, Treasury agreed to provide Plaintiffs "fourteen (14) days' notice before disbursing the funds remaining from the appropriation identified in 42 U.S.C. § 801(a)(2)(B), should Treasury elect to disburse these funds prior to the Supreme Court's resolution of *Chehalis*." ECF No. 57. Treasury represented that it "has no plan to disburse the relevant funds prior to a resolution in *Chehalis*" and its fourteen-day notice period will "eliminate any need for Plaintiffs' requested preliminary injunction, as they are under no threat of irreparable harm from such distribution." *Id.*

Treasury has conceded several times that disbursing CARES Act funds before the conclusion of this litigation would irreparably harm Plaintiffs. *See Miccosukee Tribe of Indians of Florida v. United States Department of Treasury, et al.,* No. 1:20-cv-02792, ECF No. 17, at 19 (D.D.C. Sept. 25, 2020) (conceding that the Miccosukee Tribe would face irreparable harm absent an injunction and instead arguing that the Tribe's motion was late); *Shawnee Tribe v. Mnuchin et al.,* 20-5286, ECF No. 1876449 at 8, n. 4 (D.C.C. 2020) ("Because the full disbursement of the Funds would moot the Tribe's suit, the government does not contest that the Tribe would suffer irreparable injury if this occurred before its claim is finally resolved.").

Treasury's promise to give additional notice to the Plaintiff Tribes at some indeterminate time in the future does not eliminate the irreparable injury to them. A Defendant's voluntary, temporary inaction cannot moot a plaintiff's request for a preliminary injunction. *Cf. City of Los Angeles v. Lyons*, 461 U.S. 95, 100 (1983) (noting that Los Angeles could not dissolve a

preliminary injunction as moot through passing a six-month moratorium on the challenged behavior because "the moratorium, by its terms is not permanent"); *Goings v. Court Servs. & Offender Supervision Agency*, 786 F. Supp. 2d 48, 61 (D.D.C. 2011) (granting in part plaintiff's motion for a preliminary injunction challenging plaintiff's offender supervision conditions despite a federal agency's attempts to modify or drop the challenged conditions because "the Court is authorized to adjudicate the plaintiff's claims because the defendant's subsequent modification of the conditions amounts to a voluntary cessation."); *Singh v. Carter*, 185 F. Supp. 3d 11, 19–20 (D.D.C. 2016) (holding that "voluntary cessation of challenged conduct" does not moot a preliminary injunction where plaintiff can show "irreparable harm without preliminary relief."); *Hernandez v. Cremer*, 913 F.2d 230 (5th Cir. 1990) (holding that an INS oral directive was a voluntary cessation because "the current INS policy, absent the injunction, is merely oral and absolutely subject to withdrawal at the discretion of the Service's District Director").

Under Treasury's proposal, even with fourteen-days' notice, Miccosukee and Prairie Band would need to reassert their motions for a preliminary injunction *again*. The question is not *if* they will need to reassert their motions, but *when*. There is no valid reason for requiring Miccosukee and Prairie Band to jump though this hoop again months from now when Treasury has already conceded irreparable harm. Indeed, this Court recognized in the most recent conference that CARES Act funds were intended to provide immediate emergency relief. And the Court of Appeals felt so strongly about the need for an injunction that it ordered that Shawnee's motion be granted promptly upon remand. There is no principled reason for treating Miccosukee or Prairie Band differently. "It is the duty of the courts to beware of efforts to defeat injunctive relief by protestations of repentance and reform, especially when abandonment seems timed to anticipate

suit, and there is probability of resumption." *United States v. Or. State Med. Soc'y*, 343 U.S. 326, 333 (1952).

Absent an injunction, Plaintiffs' contested CARES Act funds are unprotected. The only backstop would be a non-binding promise from Treasury. Even if another court had entered a preliminary injunction legally *barring* Treasury's payout of the funds, this Court would be well within its authority to enter its own preliminary injunction addressing the same irreparable harm. *See Ass'n of Cmty. Cancer Ctrs. v. Azar,* No. 20-cv-3531, 2020 U.S. Dist. LEXIS 241732 (D. Md. Dec. 23, 2020) (granting Plaintiffs' motion for a nationwide TRO challenging an HHS regulation); *Cal. Life Scis. Ass'n v. Ctr. for Medicare & Medicaid Servs.,* No. 20-cv-08603, 2020 U.S. Dist. LEXIS 242991 (N.D. Cal. Dec. 28, 2020) (granting Plaintiffs' motion for a preliminary injunction and issuing a separate (second) injunction against the same HHS regulation while incorporating the District of Maryland's opinion); *Regeneron Pharm., Inc. v. United States HHS*, No. 20-cv-10488, 2020 U.S. Dist. LEXIS 245158 (S.D.N.Y. Dec. 30, 2020) (issuing a third injunction against the same HHS regulation). While the Supreme Court will hear *Chehalis* (which concerns the same remaining Title V Funds) no court currently protects the Plaintiffs' interests in their contested shares.

Finally, Treasury's proposal implicitly assumes that this case should be stayed pending the Supreme Court's review in *Chehalis.* As previously articulated, this is unjustified. The pending motions should be decided, the administrative record should be filed, and the case should proceed to a determination on the merits without further delay.

For these reasons, the undersigned Plaintiffs object to Treasury's proposed notice remedy and requests that this Court grant their motions for a preliminary injunction.

Dated: February 3, 2021

Respectfully submitted,

/s/ Daniel G. Jarcho

Daniel G. Jarcho (D.C. Bar # 391837)
George B. Abney
Daniel F. Diffley
Jean E. Richmann
**ALSTON & BIRD LLP**
The Atlantic Building
950 F Street, N.W.
Washington, D.C. 20004
Phone: (202) 239-3300
Fax: (202) 239-3333
daniel.jarcho@alston.com

*Counsel for Miccosukee Tribe of Indians of Florida*

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

Carol E. Heckman
James P. Blenk
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Tel: (716) 853-5100
Fax: (716) 853-5199
Email: checkman@lippes.com
jblenk@lippes.com

-and-

Michael G. Rossetti (D.C. Bar No. 477122)
1900 K Street, NW, Suite 730
Washington, DC 20006
Tel: (202) 888-7610
Email: mrossetti@lippes.com

*Counsel for Plaintiff Prairie Band Potawatomi Nation*