UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE SHAWNEE TRIBE**,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>**JANET YELLEN, in her official capacity as Secretary of the Treasury, et al.**,<br><br>　　　　　　　　Defendants. | Case No. 20-cv-1999 |

**STATUS REPORT**

During the February 25, 2021 status hearing, the Court instructed Defendants to file a status report by March 5, 2021 indicating *(i)* whether the Department of the Treasury could promptly issue advance payments to Plaintiffs from the funds identified in 42 U.S.C. § 801(a)(2) before Treasury has finalized a revised methodology, and *(ii)* whether Treasury can accelerate the anticipated timeline for its development of the revised methodology.

First, although Treasury recognizes Plaintiffs' concerns about the need for prompt payments, Treasury does not intend to make advance payments to Plaintiffs without first ascertaining the amount Plaintiffs, and others, may receive under a revised methodology. As an initial matter, a decision to issue payments prior to a final decision as to a revised methodology would prejudge the decision, including the entitlement to any additional payments and the amount of any such payments, and may have unintended ramifications for similarly-situated entities. Relatedly, in order to issue any payments to Plaintiffs before the completion of a satisfactory, revised methodology, Treasury would effectively have to select payment amounts based on an incomplete analysis—again, to the potential detriment of other entities.

1

As Treasury has previously stated, its goal is to revise the methodology for distributing the remaining funds in a rational manner that takes into account the interests of Plaintiffs and other parties who would be affected by such a decision. This is consistent with the approach courts often encourage agencies to pursue in the first instance, to "allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct" any alleged errors "so as to moot judicial controversies," all of which may serve the interest of "judicial economy." *Akiachak Native Cmty. v. United States Dep't of Interior*, 827 F.3d 100, 104 (D.C. Cir. 2016). Accordingly, Treasury intends to proceed in the manner identified in its February 15, 2021 status report.

Treasury's desire to pursue its reconsideration process in accordance with the traditional agency process does not mean, however, that it is unsympathetic to this Court's and the Plaintiffs' desire for prompt action. Accordingly, in response to the Court's second inquiry, Treasury will endeavor to finalize its revised methodology before April 30, 2021, the initial target date identified in Treasury's February 15, 2021 status report, *see* ECF No. 60. As previewed in Defendants' February 15 status report, Treasury intends to complete a number of steps to design and execute a satisfactory methodology, including holding relevant consultation sessions. *See id.* Nonetheless, in light of the Court's remarks during the February 25, 2021 status conference, Treasury will assess if and how it may further streamline this process. Additionally, Treasury has agreed to issue payments promptly after completing its revised methodology, further minimizing delays in issuing payments.

Dated: March 5, 2021                                    Respectfully submitted,

                                                           BRIAN BOYNTON
                                                           Acting Assistant Attorney General

ERIC WOMACK
Assistant Branch Director

*/s/ Kuntal Cholera*
Kuntal V. Cholera
Jason C. Lynch
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 11214
Washington, DC 20005
Tel: (202) 514-1359
Email: kuntal.cholera@usdoj.gov

*Attorneys for Defendants*
