UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

| | |
|---|---|
| THE SHAWNEE TRIBE,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY, et al.<br><br>*Defendants*. | Case No. 1:20-cv-01999-APM |
| THE MICCOSUKEE TRIBE OF INDIANS OF FLORIDA,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY and UNITED STATES OF AMERICA,<br><br>*Defendants*. | Case No. 1:20-cv-02792-APM |
| PRAIRIE BAND POTAWATOMI NATION,<br><br>*Plaintiff*,<br><br>v.<br><br>STEVEN T. MNUCHIN, in his official capacity as SECRETARY, U.S. DEPARTMENT OF TREASURY<br><br>*Defendant*. | Case No. 1:21-cv-012-APM |

**PLAINTIFF THE SHAWNEE TRIBE'S**

**<u>MOTION FOR LEAVE TO AMEND VERIFIED COMPLAINT</u>**

1

Pursuant to Federal Rules of Civil Procedure 15(a)(2), the Shawnee Tribe moves the Court for leave to amend its Verified Complaint for Injunctive and Declaratory Relief to (1) add an additional allegations supporting a claim that Defendants have failed to take action within the meaning of 5 U.S.C. § 551(13) because it did not issue a "grant of money" within the meaning of 5 U.S.C. § (11)(A); and (2) add a claim for relief for injunctive relief compelling specific performance against Defendants to disburse funds owed under the CARES Act to the Shawnee Tribe pursuant to 5 U.S.C. § 706(1), which are currently unlawfully withheld and/or unreasonably delayed. A copy of the Shawnee Tribe's proposed First Amended Verified Complaint is attached to this Motion as Exhibit A. This Motion is filed in good faith and for just cause as follows:

Pursuant to Federal Rules of Civil Procedure 15(a)(2), the Shawnee Tribe may amend its pleading with the court's leave, which should be freely given. Federal law is clear that Rule 15(a)(2)'s provision that leave should be freely given is a "mandate [that] is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing 3 James William Moore, Federal Practice §§ 15.08, 15.10 (2d. ed.1948)). Only in exceptional circumstances should leave be denied, such as when the nonmoving party lacks notice, or the motion is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id.* at 182. This is true because Rule 15 reinforces the principal that cases "should be tried on their merits." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (affirming district court's grant of leave to amend answer to assert estoppel defense and subsequent entry of summary judgment in favor of defendant on that defense, even though leave was granted after plaintiff's response to defendant's dispositive motion).

None of the impediments to amendment are present in this case; thus, the Shawnee Tribe should be granted leave to amend its Verified Complaint. First, this case is in its early stages and leave to amend now will not delay this case. Specifically, Defendants have not filed an answer and

they do not intend to do so,[1] and it produced its administrative record less than three weeks ago. Dispositive motion briefing on the merits in this case has not yet begun. Thus, permitting leave now to add the allegations and claim for relief in Exhibit A will not require amendment of other documents or materially alter the course of this case.

Regardless, delay alone is an insufficient reason to deny leave to amend absent a showing the non-moving party would be prejudiced by it. *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC,* 148 F.3d 1080, 1084 (D.C.Cir.1998). Defendants cannot genuinely assert leave to amend now would unduly prejudice them where they have continuously sought to stay this case, and they were already on notice of the newly added allegations and claim for relief. For instance, during the February 17, 2021 Status Conference, Defendants sought a stay of the entire case so that it may develop a new methodology because "this case really is about what we do with the remaining funds." (*See* Tr. dated February 17, 2021, attached hereto as Exhibit B, lines 5:23-6:3). At that time, Plaintiffs raised both the issues with respect to the Defendants unreasonable delay in disbursing funds, that time was of the "essence," and asserted that the Court may order Treasury to disburse funds owed under the CARES Act to the Shawnee Tribe pursuant to 5 U.S.C. § 706(1), which relevant law holds is a proper form of equitable relief thereunder. (*Id.*, lines 12:16-13:3, 26:18-27:8, 30:10-31:22). And, on February 25, 2021, Defendants requested to stay answer deadlines, to which the parties agreed, and argued again to stay dispositive motion briefing to provide them time to devise a new methodology. (*See* Tr. dated February 25, 2021, attached hereto as Exhibit C, lines 10:20-25, 37:4-12). The Shawnee Tribe reiterated that time was of the essence and, shortly thereafter, Defendants filed a Status Report with the Court "recogniz[ing] Plaintiffs'

---

[1] The parties stipulated during the February 25, 2021, Status Conference that Defendants did not need to file a formal answer to the Verified Complaint. (*See* Tr. dated February 25, 2021, lines 37:4-12).

3

QB\67645174.1

concerns about the need for prompt payments." (Dkt. 62, p. 1). Thus, Defendants have been on noticed of the changes included in the First Amended Verified Complaint since February (if not earlier) and, in the unlikely event the amendment would cause any delays, Defendants would be benefitted – not prejudiced – by it.

Nor is the amendment for which the Shawnee Tribe seeks leave futile. As documented above, a key contention in this case is whether Defendants can be ordered, as a remedy under the Administrative Procedures Act, to disburse funds owed under the CARES Act as a form of equitable relief. It can, and such allegations and claim for relief is therefore central to this case and any subsequent dispositive motion briefing in it.

Finally, the Shawnee Tribe has not exhibited any bad faith in seeking leave to amend, nor has it repeatedly failed to cure deficiencies in prior amendments. In fact, if granted, this would be the Shawnee Tribe's first amendment to its Verified Complaint.

For all the foregoing reasons, the Shawnee Tribe respectfully requests this Court grant it leave to amend the Verified Complaint as amended in Exhibit A. The Shawnee Tribe certifies that it has consulted with Defendants and they oppose this Motion.

Respectfully submitted this 30th day of March, 2021.

                Respectfully submitted,

                */s/ Pilar M. Thomas*
                Luke Cass
                  (D.C. Bar 491706)
                Quarles & Brady LLP
                1701 Pennsylvania Avenue, NW, Suite 700
                Washington, DC 20006
                Phone: (202) 372-9514

        Pilar M. Thomas
          (*Admitted Pro Hac Vice*)
        QUARLES & BRADY LLP
        One South Church Avenue, Suite 1800
        Tucson, Arizona 85746

        Nicole L. Simmons
          (*Admitted Pro Hac Vice*)
        QUARLES & BRADY LLP
        One Renaissance Square
        Two North Central Avenue
        Phoenix, Arizona 85004-2391

        *Attorneys for Plaintiff*

## CERTIFICATE OF FILING AND SERVICE

The undersigned hereby certifies that on the 30th of March, 2021, the foregoing document was filed with the Court using the CM/ECF system and served which provided service to all parties through their attorney of record.

      /s/ *Dawn McCombs*