UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

| | |
|---|---|
| THE SHAWNEE TRIBE,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY, et al.<br><br>*Defendants*. | Case No. 1:20-cv-01999-APM |
| THE MICCOSUKEE TRIBE OF INDIANS OF FLORIDA,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY and UNITED STATES OF AMERICA,<br><br>*Defendants*. | Case No. 1:20-cv-02792-APM |
| PRAIRIE BAND POTAWATOMI NATION,<br><br>*Plaintiff*,<br><br>v.<br><br>STEVEN T. MNUCHIN, in his official capacity as SECRETARY, U.S. DEPARTMENT OF TREASURY<br><br>*Defendant*. | Case No. 1:21-cv-012-APM |

## **JOINT STATUS REPORT**

Pursuant to this Court's March 30, 2021 Minute Entry, Plaintiffs Shawnee Tribe,

1

Miccosukee Tribe and Prairie Band Potawatomi Nation (collectively, "Plaintiffs"), and Defendants (collectively, referred to as the "Government") have met to confer on (1) the briefing schedule for Plaintiffs' Joint Motion for Preliminary Injunction Directing Immediate Interim Distribution of CARES Act Funds (Dkt. 65) (the "PI Motion"); and (2) whether the briefing of the PI Motion and subsequently filed amended complaints (Dkts. 66-68) impacts the briefing schedule for the anticipated consolidated motions for summary judgment on the merits set forth in this Court's February 25, 2021 Docket Minute Entry.

First, with respect to the PI Motion, Plaintiffs and the Government agree to the following briefing and hearing schedule:

| Filing | Deadline |
| --- | --- |
| Government's Response | Tuesday, April 6, 2021 |
| Plaintiff's Reply | Tuesday, April 13, 2021 |
| Hearing | On or before Friday, April 16, 2021 |

Second, Plaintiffs and the Government disagree as to the impact of the PI Motion and amended complaints on the consolidated summary motion briefing schedule.

**Defendants' Position**

Despite numerous filings and hearings addressing next steps in this case, as a result of which the Court set the current briefing schedule, Plaintiffs have only now filed a motion for preliminary injunctive relief seeking immediate, mandatory payments, even though their summary judgment motion is scheduled to be filed tomorrow. Should this Court decide that the motion for preliminary injunction should be decided immediately, despite Plaintiffs' delay in filing it, Defendants have agreed to the schedule set forth above.

However, should the Court adopt an immediate briefing schedule for the PI, it should stay

the current schedule for summary judgment, as it makes little sense to brief the core legal issues in this case twice, when the Department of the Treasury is in the process of arriving at a decision that would render the current dispute moot. The PI Motion argues that Treasury's original methodology was arbitrary and capricious—the central claim in Plaintiffs' Complaints—and that Treasury is legally obligated to adopt a new methodology consistent with Plaintiffs' preferred specifications. The PI Motion thus seeks an affirmative injunction compelling Treasury to immediately make payments to Plaintiffs consistent with their legal theory. The PI Motion therefore largely covers, and requires the Court to address, the central issues in Plaintiffs' forthcoming summary judgment motion.

Accordingly, the Court should suspend the current summary judgment briefing schedule. *First*, requiring the parties to proceed under the current schedule would be inefficient, requiring the parties to brief essentially the same legal issues twice in a compressed time-frame. *Second*, the impetus behind the current schedule—to ensure that Plaintiffs get a prompt decision on the merits—carries less weight now. Due to the PI Motion, Plaintiffs *will* get a speedy decision on whether they are entitled to any immediate relief based on their principal APA claim. Thus, there is little reason to unnecessarily accelerate summary judgment briefing, especially since it will concern a methodology that Treasury is going to replace.

Plaintiffs contend that the PI Motion and their forthcoming summary judgment motion will address separate issues; the PI Motion addresses only the timing of payments, and the summary judgment motion will address other claims as well. But this is incorrect. The PI Motion does not only address *when* Treasury must make payments, but also addresses *how* Treasury must go about calculating those payments. As noted above, Plaintiffs argue that in light of their legal claim against the original methodology, any subsequent methodology must meet certain requirements.

QB\67735973.2

And even if the summary judgment motion will cover certain other, ancillary claims, Plaintiffs cannot dispute that the PI Motion focuses on their central claim, thus ensuring that there will be significant overlap between the PI and summary judgment motions.

The Court should therefore delay all summary judgment briefing until after Treasury has released its new methodology. At a minimum, in light of the additional briefing schedule necessitated by the filing of the PI, the Court should reset the deadline for Treasury's summary judgment brief for May 7, 2021.

As for the propriety of the Shawnee Tribe's amended complaint, the Court did not ask the parties to address that issue in its March 30, 2021 Minute Order, and thus Treasury will not address it here.

### **Plaintiffs' Position**

Plaintiffs' position is that the PI Motion does not change the course of this case and the consolidated summary judgment briefing should remain the same. Contrary to the Government's position above that the PI Motion covers the "core" issues in the summary judgment briefing, the PI Motion resolves a much narrower issue as to whether the Government has delayed in issuing Title V relief funding, which had a deadline of April 30, 2020, and is required to issue immediate payments to Plaintiffs. Based on the schedule above, the consolidated summary judgement motion resolves all merits issues and procedural arguments with respect to remedies.

The Government's assertion that Plaintiffs have somehow delayed in bringing the PI Motion is simply incorrect. All parties, including this Court, have been engaged in efforts since February to resolve this case, which includes discussions about interim payments. Plaintiffs acted in good faith engaging in those discussions, at the direction of this Court, without engaging in further expensive briefing. Only after it became clear that those discussions had become futile did

it become apparent for the need to file the PI Motion. Regardless, the Government fails to identify any prejudice as a result of any alleged delay - the very basis of which is the result of the Government's own conduct. If the court's ruling on the PI Motion - which is scheduled to be briefed and heard before the Government's response to the summary judgment motion is due - decides any of the issues in the summary judgment motion, then the Government can adjust its summary judgment response appropriately.

With respect to the amended complaints, as noted in the Shawnee Tribe's Motion for Leave to Amend, the Government has been on notice of the proposed amendments since February, if not longer, and the amendments have been filed before the consolidated summary judgment briefing has begun and several weeks before the Government is required to respond to that briefing. As to Miccosukee and Prairie Band, the amended complaints are filed as of right and raise claims previously litigated by the Government. Accordingly, in either case, there is no basis to delay the consolidated summary judgment briefing.

Respectfully submitted this 1st day of April, 2021.

                    Respectfully submitted,

                    */s/ Pilar M. Thomas*
                    Jonathan Labukas
                        (D.C. Bar 998662)
                    QUARLES & BRADY LLP
                    1701 Pennsylvania Avenue, NW, Suite 700
                    Washington, DC 20006
                    Phone: (202) 372-9514

                    Pilar M. Thomas
                        (*Admitted Pro Hac Vice*)
                    QUARLES & BRADY LLP
                    One South Church Avenue, Suite 1800
                    Tucson, Arizona 85746

Nicole L. Simmons
    (*Admitted Pro Hac Vice*)
QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391

*Attorneys for Plaintiff The Shawnee Tribe*


Daniel Francis Diffley
George Blay Abney , I
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309

Daniel Jarcho
ALSTON & BIRD LLP
The Atlantic Building
950 F Street, NW
Washington, DC 20004-1404

Jean Richmann
ALSTON & BIRD
560 Mission Street, Ste 2100
San Francisco, CA 94105

*Attorneys for Plaintiff Miccosukee Tribe of Indians of Florida*


Carol Heckman
James Peter Blenk
LIPPES MATHIAS WEXLER FRIEDMAN, LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202

Michael G. Rossetti
LIPPES MATHIAS WEXLER FRIEDMAN LLP
1900 K Street NW, Suite 730
Washington, DC 20006

*Attorneys for Plaintiff Prairie Bank Potawatomi Nation*

6

BRIAN BOYNTON

Acting Assistant Attorney General

ERIC WOMACK
Assistant Branch Director

*/s/ Kuntal Cholera*
Kuntal V. Cholera
Jason C. Lynch
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 11214
Washington, DC 20005
Tel: (202) 514-1359
Email: kuntal.cholera@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF FILING AND SERVICE

The undersigned hereby certifies that on the 1st of April, 2021, the foregoing document was filed with the Court using the CM/ECF system and served which provided service to all parties through their attorney of record.

      /s/ *Dawn McCombs*