UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **Prairie Band Potawatomi Nation,**<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**Janet Yellen, in her official capacity as Secretary of the Treasury, et al.,**<br><br>　　　　　　　　　Defendants. | Case No. 21-cv-012 |

**RESPONSE TO PRAIRIE BAND'S MOTION
TO MODIFY THE PRELIMINARY INJUNCTION**

　　The Plaintiff Prairie Band Potawatomi Nation seeks to modify its preliminary injunction—and require Treasury to hold back $11,680,105—on grounds that the Court has already rejected: that Prairie Band is somehow entitled to a particular sum, or to a payment pursuant to a particular methodology, under the relevant statute. However, even assuming Prairie Band can show that it was likely to prevail on its claim that Treasury's original allocation methodology was unlawful, it has failed to show that it is likely entitled to $11,680,105 (or any other amount) as a result. The Court should thus deny Prairie Band's motion to modify its preliminary injunction.

　　*First*, Prairie Band cannot show that it is likely entitled to *any* additional payment, much less a payment for the amount they seek. In denying the Plaintiffs' most recent preliminary injunction motion, the Court noted that "[u]nder settled principles of administrative law, when a court reviewing agency action determines that an agency made an error of law, the court's inquiry is at an end: the case must be remanded to the agency for further action consistent with the corrected legal standards." PI Order II, at 4 (quoting *PPG Indus., Inc. v. United States*, 52 F.3d 363, 365 (D.C. Cir. 1995)).  The Court further stated that "the court's authority to issue a detailed remedial order applies only to discrete action that is legally required . . . about which an official

1

had no discretion whatever," and that although the "statutory provision" at issue here places some limitations on Treasury, it still "leaves [Treasury] . . . discretion in deciding" which methodology to adopt. *Id.*, at 4-6 (internal quotation marks omitted).

Accordingly, even assuming Prairie Band was likely to show that Treasury's original methodology was arbitrary and capricious, it could at most secure an order requiring Treasury to do what it has done already: adopt a revised methodology. Prairie Band, however, is not entitled to an affirmative order requiring Treasury to adopt any particular methodology, much less the methodology Prairie Band used to calculate the amount it now wants Treasury to hold back.[1] Indeed, Prairie Band fails to show that it is likely to be entitled to *any* additional payment. It may be possible, for example, that Treasury could have adopted a lawful methodology under which Prairie Band would have received an amount equal to (or less than) what it has already received. Thus, there is no basis for Prairie Band's modified preliminary injunction.

Prairie Band relies heavily on the D.C. Circuit's decision in *Shawnee*, along with this Court's April 26, 2021 preliminary injunction in favor of Prairie Band. With respect to *Shawnee*, although the D.C. Circuit found that the plaintiff was entitled to a preliminary injunction requiring Treasury to hold back a certain amount, Treasury had not raised the argument that it raises here: even if the original methodology was arbitrary and capricious, that does not mean the plaintiff would necessarily be entitled to an additional payment. *See* Brief for Appellees, *Shawnee v. Mnuchin*, No. 20-5286, Doc. 1868194 (D.C. Cir. Oct. 26, 2020). Thus, the D.C. Circuit had no occasion to address that argument, much less resolve it. The same applies to the Court's April 26,

---

[1] Prairie Band appears to calculate the amount it now wants Treasury to hold back by using a modified version of the original methodology whereby Treasury uses Indian Housing Block Grant ("IHBG") program data for every Tribe, except it uses certified enrollment data for Prairie Band alone. *See* PI Modification Mot., at 8. But there is no basis for insisting that Treasury was obligated to adopt this methodology.

2021 decision to grant Prairie Band's earlier preliminary injunction motion. Treasury did not oppose that motion based on the arguments raised here. Thus, the Court only now has a reason to resolve whether its decision denying Plaintiffs' most recent preliminary injunction motion forecloses Prairie Band's request for modified preliminary relief here.

The Court should therefore deny Prairie Band's motion to modify its preliminary injunction. However, to be clear, Treasury—for now—is not moving the Court to dissolve Prairie Band's earlier preliminary injunction. Treasury argues only that the Court should not modify that preliminary injunction in the manner requested by Plaintiff.

*Second*, Prairie Band's request for an order "direct[ing] Treasury to specifically designate and set aside the enjoined funds for the purpose of satisfying a judgment to Prairie Band" (Mot. at 9) is unnecessary. Treasury is fully complying with this Court's preliminary injunctions, and never told Prairie Band otherwise. Specifically, Treasury has ensured, and will continue to ensure, that of the remaining, relevant funds identified in 42 U.S.C. § 801(a)(2)(B), Treasury will hold back the amount required under this Court's preliminary injunctions in this case, and the related cases, so long as those injunctions remain in place. No further relief is necessary or justified. *See People for the Ethical Treatment of Animals v. United States Dep't of Agric. & Animal & Plant Health Inspection Serv.*, 918 F.3d 151, 157 (D.C. Cir. 2019) (A 'presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.'").

Dated: June 1, 2021                                             Respectfully submitted,

                                              BRIAN BOYNTON
                                              Acting Assistant Attorney General

                                              ERIC WOMACK
                                              Assistant Branch Director

            */s/ Kuntal Cholera*
            Kuntal V. Cholera
            Jason C. Lynch
            Trial Attorney
            United States Department of Justice
            Civil Division, Federal Programs Branch
            1100 L Street NW, Rm. 11214
            Washington, DC 20005
            Tel: (202) 514-1359
            Email: kuntal.cholera@usdoj.gov

            *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 1, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all users receiving ECF notices for this case.

                                                                                      */s/ Kuntal Cholera*

                                                                                      Kuntal V. Cholera
                                                                                      United States Department of Justice
                                                                                      Civil Division, Federal Programs Branch
                                                                                      1100 L Street, NW
                                                                                      Washington, D.C. 20005

                                                                                      Attorney for Defendants